Linda M. Lawson (Bar No. 77130)
llawson@mmhllp.com
Jason A. James (Bar No. 265129)
jjames@mmhllp.com
MESERVE, MUMPER & HUGHES LLP
800 Wilshire Boulevard, Suite 500
Los Angeles, California 90017-2611
Telephone: (213) 620-0300
Facsimile: (213) 625-1930

Attorneys for Defendant
ReliaStar Life Insurance Company

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rosie L. Sanders-James, <br><br> Plaintiff, <br><br> vs. <br><br> ReliaStar Life Insurance Company and Does 1 through 19, <br><br> Defendant. | Case No. <br><br> **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** <br><br> [Alameda County Superior Court Case No. HG14738118] <br><br> Complaint Filed: August 25, 2014 |

TO THE DISTRICT COURT OF THE UNITED STATES, NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF:

PLEASE TAKE NOTICE that defendant ReliaStar Life Insurance Company ("ReliaStar") hereby removes the above-captioned civil action from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California, based upon diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a), 1332(c), and 1441.

This removal is based on the following grounds:

///

///

///

///

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

139943.1

1

NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. § 1441(b) (DIVERSITY)

## I. TIMELINESS

1. On August 25, 2014, plaintiff Rosie L. Sanders-James ("Plaintiff") commenced this action by filing a Complaint in the Superior Court of the State of California for the County of Alameda, Case No. HG14738118.

2. Plaintiff served a copy of the Summons and Complaint on ReliaStar on September 15, 2014. True and correct copies of the Summons, Complaint, and all other process, pleadings, and orders served on ReliaStar are attached hereto as Exhibit A.

3. ReliaStar filed an Answer to Plaintiff's Complaint in the Alameda County Superior Court on October 14, 2014. A true and correct copy of ReliaStar's Answer is attached hereto as Exhibit B.

4. Removal is timely pursuant to 28 U.S.C. § 1446(b) because ReliaStar has filed this Notice of Removal within 30 days of being served with the Summons and Complaint.

## II. JURISDICTION

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because it is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Thus, removal of this action is proper pursuant to 28 U.S.C. § 1332(a) and 1441(a).

### A. Citizenship of Plaintiff

6. ReliaStar alleges that Plaintiff is a citizen of California.

### B. Citizenship of ReliaStar

7. ReliaStar is, and at all relevant times was, a corporation organized and existing under the laws of the State of Minnesota with its principal place of business in Minneapolis, Minnesota. Therefore, ReliaStar is a citizen of Minnesota. 28 U.S.C. § 1332(c).

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

139943.1

2

NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. § 1441(b) (DIVERSITY)

### C. Doe Defendants

8.      Does 1 through 19, named by Plaintiff as defendants in her Complaint, should be disregarded for the purposes of determining whether removal is proper on diversity grounds. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

### D. Amount in Controversy

9.      Plaintiff requests damages of $51,897.24, unspecified damages for "Doctor Visits and Prescription[s]," and punitive damages. (Complaint, ¶ 10). Given Plaintiff's request for $51,897.24, the $75,000 amount in controversy threshold is met so long as Plaintiff's claims for (1) damages relating to doctors visits and prescriptions and (2) punitive damages exceed $23,102.76. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

10.     Plaintiff's failure to plead a specific amount of damages relating to her doctor visits and prescriptions should be construed in favor of ReliaStar, supporting a finding that the minimum jurisdictional threshold has been met. *See Bosinger v. Phillips Plastic Corp.*, 57 F.Supp.2d 986, 989 (S.D. Cal. 1999) ("[A]s such evidence [to show the amount in controversy exceeds $75,000] may not always be available to a removing defendant, to require such proof might defeat removal in an instance where a plaintiff declined to plead a specific amount of damages and a defendant could not readily ascertain the approximate amount of damages a plaintiff seeks within 30 days. Moreover, while it is for the Court to decide its own jurisdiction, the Court finds in plaintiff's silence, implicit support for Defendant's allegation as to the amount in controversy.").

11.     Moreover, punitive damages awards typically equal or exceed the amount of compensatory damages requested. *See, e.g., Leavey v. Unum Provident Corp.*, 2008 WL 4472937, *3 (9th Cir. 2008) (approving an award of punitive

LAW OFFICES
**MESERVE,
MUMPER &
HUGHES LLP**

139943.1

3

NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. § 1441(b) (DIVERSITY)

1 damages that was 1.5 times compensatory damages); *Hangarter v. Provident Life & Accident Insurance Co.*, 373 F.3d 998, 1015 (9th Cir. 2004) (approving an award of punitive damages that was 2.6 times compensatory damages). Punitive damages equal to the $51,897.24 requested in Plaintiff's Complaint would lead to an amount in controversy of $103,794.48, exceeding the $75,000 jurisdictional threshold by more than $25,000.

12. In light of the fact that Plaintiff is seeking compensatory damages and punitive damages in excess of $75,000, the amount in controversy in this case, exclusive of interest and costs, exceeds the jurisdiction threshold.

### III. NOTICE

13. Proper notice will be given this date to Plaintiff herein, and to the Clerk for the Superior Court for the State of California, County of Alameda. A true and correct copy of the Notice is attached hereto as Exhibit C and by this reference incorporated as if set forth in full.

Dated: October 14, 2014

MESERVE, MUMPER & HUGHES LLP
Linda M. Lawson
Jason A. James

By: */s/Jason A. James*
Jason A. James
Attorneys for Defendant
ReliaStar Life Insurance Company