# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*.
Reliastar Life Insurance Company

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Rosie L. Sanders-James

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

AUG 25 2014

CLERK OF THE SUPERIOR COURT
By: ANGEL LOGAN
DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Hayward Civil Court- County of Alamed

Superior Court of California
24405 Amador Street, Hayward, California 94544 (510)690-2705

CASE NUMBER:
*(Número del Caso):* HG14738118

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Rosie L. Sanders- James 29413 Sandburg Way, Hayward, CA.

| DATE: 08/14/2014 | LEAH T. WILSON | Clerk, by | , Deputy |
|---|---|---|---|
| *(Fecha)* AUG 25 2014 | EXECUTIVE OFFICER/CLERK | *(Secretario)* ANGEL LOGAN | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*

under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**PLD-C-001**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Rosie L Sander James<br>29413 Sandburg Way<br>Hayward, Ca. 94544<br><br>TELEPHONE NO: (510) 760-2705  FAX NO. *(Optional)*: 1.888.711.7598<br>E-MAIL ADDRESS *(Optional)*: rosiejames01@yahoo.com<br>ATTORNEY FOR *(Name)*: | FOR COURT USE ONLY |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alamdaa<br>STREET ADDRESS: 24405 Amador Street<br>MAILING ADDRESS: 24405 Amador Street<br>CITY AND ZIP CODE: Hayward, CA. 94541<br>BRANCH NAME: Civil Branch | E N D O R S E D<br>F I L E D<br>ALAMEDA COUNTY<br><br>AUG 25 2014<br><br>CLERK OF THE SUPERIOR COURT<br>By: ____ ANGEL LOGAN<br>DEPUTY |

PLAINTIFF:  Rosie L. Sanders James

DEFENDANT: Reliastar Life Insurance Company

[✓] DOES 1 TO 19 _____

| CONTRACT | |
|---|---|
| [✓] COMPLAINT | [ ] AMENDED COMPLAINT *(Number)*: |
| [ ] CROSS-COMPLAINT | [ ] AMENDED CROSS-COMPLAINT *(Number)*: |

| | |
|---|---|
| **Jurisdiction** *(check all that apply):*<br>[ ] ACTION IS A LIMITED CIVIL CASE<br>Amount demanded [ ] does not exceed $10,000<br>[ ] exceeds $10,000 but does not exceed $25,000<br>[✓] ACTION IS AN UNLIMITED CIVIL CASE  (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint<br>[ ] from limited to unlimited<br>[✓] from unlimited to limited | CASE NUMBER:<br><br>HG 14 738118 |

1. **Plaintiff*** *(name or names):*
   Rosie L.Sanders-James
   alleges causes of action against **defendant*** *(name or names):* Reliastar Life Insurance Company
   Breach of Agreement,
2. This pleading, including attachments and exhibits, consists of the following number of pages: 19
3. a. Each plaintiff named above is a competent adult
      [ ] except plaintiff *(name)*:
         (1) [ ] a corporation qualified to do business in California
         (2) [ ] an unincorporated entity *(describe)*:
         (3) [ ] other *(specify)*:

   b. [✓] Plaintiff *(name)*: Rosie L. Sanders-James
      a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify)*:

      b. [ ] has complied with all licensing requirements as a licensed *(specify)*:
   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4. a. Each defendant named above is a natural person

| [ ] except defendant *(name)*: | [ ] except defendant *(name)*: |
|---|---|
| (1) [ ] a business organization, form unknown | (1) [ ] a business organization, form unknown |
| (2) [ ] a corporation | (2) [ ] a corporation |
| (3) [ ] an unincorporated entity *(describe)*: | (3) [ ] an unincorporated entity *(describe)*: |
| (4) [ ] a public entity *(describe)*: | (4) [ ] a public entity *(describe)*: |
| (5) [ ] other *(specify)*: | (5) [ ] other *(specify)*: |

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Page 1 of 2

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-C-001 [Rev. January 1, 2007]

**COMPLAINT—Contract**

Code of Civil Procedure, § 425.12

PLD-C-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Rosie L Sander James v. ReliStar Life Insurance | HG14738118 |

4. *(Continued)*
   b. The true names of defendants sued as Does are unknown to plaintiff.
      (1) ☐ Doe defendants *(specify Doe numbers):* _____ were the agents or employees of the named
         defendants and acted within the scope of that agency or employment.
      (2) ☐ Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to
         plaintiff.
   c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☑ Plaintiff is required to comply with a claims statute, **and**
   a. ☑ has complied with applicable claims statutes, *or*
   b. ☐ is excused from complying because *(specify):*

6. ☑ This action is subject to ☑ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

7. This court is the proper court because
   a. ☑ a defendant entered into the contract here.
   b. ☐ a defendant lived here when the contract was entered into.
   c. ☐ a defendant lives here now.
   d. ☐ the contract was to be performed here.
   e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. ☐ real property that is the subject of this action is located here.
   g. ☐ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

   ☑ Breach of Contract

   ☐ Common Counts

   ☑ Other *(specify):*

9. ☑ Other allegations: **See Declaration Form (MC-030)**

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. ☑ damages of: $ 51,897.24
   b. ☐ interest on the damages
      (1) ☑ according to proof
      (2) ☐ at the rate of *(specify):*      percent per year from *(date):*
   c. ☐ attorney's fees
      (1) ☐ of: $
      (2) ☐ according to proof.
   d. ☑ other *(specify):* **Punitive Damages**
      **Doctor Visits and Prescription**

11. ☑ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*
   **See (MC-030)**

Date: 08/14/2014

Rosie L. Sanders-James
     (TYPE OR PRINT NAME)

*(signature)*
     (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

Rosie L. Sanders-James
29413 Sandburg Way
Hayward, CA 94544____

## Superior Court of California, County of Alameda

| Sanders-James | No. HG14738118 |
|---|---|
| **Plaintiff/Petitioner(s)** | |
| VS. | **NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER** |
| Reliastar Life Insurance Company | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.

Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 01/08/2015 Time: 02:00 PM | Department: 20 Location: **Administration Building** **Fourth Floor** **1221 Oak Street, Oakland CA 94612** Internet: **http://www.alameda.courts.ca.gov** | Judge: **Robert B. Freedman** Clerk: **Reshma Mishra** Clerk telephone: **(510) 267-6936** E-mail: **Dept.20@alameda.courts.ca.gov** Fax: **(510) 267-1576** |
|---|---|---|

### ORDERS

1. You must:
   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. Give notice of this conference to any party not included in this notice and file proof of service;
   c. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. File and serve a completed Case Management Statement (use of Judicial Council Form CM-110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)*

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person† (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

   * Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to **Direct Calendar Departments** at http://apps.alameda.courts.ca.gov/domainweb.

   † Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Leah T. Wilson Executive Officer / Clerk of the Superior Court Executed on 08/28/2014.

By _Michelle Bank_ Digital

Deputy Clerk

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Rosie L. Sanders-James
29413 Sandburg Way
Hayward, CA. 94544

TELEPHONE NO.: (510) 760-2705   FAX NO.: 1-888-711-7598
ATTORNEY FOR *(Name):*

**FOR COURT USE ONLY**

ENDORSED
FILED
ALAMEDA COUNTY

AUG 25 2014

CLERK OF THE SUPERIOR COURT
By: _____ ANGEL LOGAN
DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS: 24405 Amador Street
CITY AND ZIP CODE: Hayward, CA. 94541
BRANCH NAME: Civil Brance

CASE NAME:
Rosie L. Sanders-James v. Reliastar Life Insurance Company

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: HG14738118 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[✓] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 08/14/2014
Rosie L. Sanders-James
(TYPE OR PRINT NAME)

*(signature)* Rosie L. Sanders-James
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**PLD-C-001**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Rosie L Sander James<br>29413 Sandburg Way<br>Hayward, Ca. 94544<br><br>TELEPHONE NO: (510) 760-2705  FAX NO. *(Optional):* 1.888.711.7598<br>E-MAIL ADDRESS *(Optional):* rosiejames01@yahoo.com<br>ATTORNEY FOR *(Name):* | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alamdaa
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS: 24405 Amador Street
CITY AND ZIP CODE: Hayward, CA. 94541
BRANCH NAME: Civil Branch

PLAINTIFF: Rosie L. Sanders James

DEFENDANT: Reliastar Life Insurance Company

☑ DOES 1 TO 19

**ENDORSED FILED ALAMEDA COUNTY**
AUG 25 2014
CLERK OF THE SUPERIOR COURT
By: ANGEL LOGAN
DEPUTY

**CONTRACT**
☑ COMPLAINT  ☐ AMENDED COMPLAINT *(Number):*
☐ CROSS-COMPLAINT  ☐ AMENDED CROSS-COMPLAINT *(Number):*

**Jurisdiction** *(check all that apply):*
☐ ACTION IS A LIMITED CIVIL CASE
Amount demanded ☐ does not exceed $10,000
☐ exceeds $10,000 but does not exceed $25,000
☑ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
☐ from limited to unlimited
☑ from unlimited to limited

CASE NUMBER:
HG14738118

1. **Plaintiff*** *(name or names):*
Rosie L.Sanders-James
alleges causes of action against **defendant*** *(name or names):* Reliastar Life Insurance Company
Breach of Agreement,
2. This pleading, including attachments and exhibits, consists of the following number of pages: 19
3. a. Each plaintiff named above is a competent adult
☐ except plaintiff *(name):*
(1) ☐ a corporation qualified to do business in California
(2) ☐ an unincorporated entity *(describe):*
(3) ☐ other *(specify):*
b. ☑ Plaintiff *(name):* Rosie L. Sanders-James
a. ☐ has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*
b. ☐ has complied with all licensing requirements as a licensed *(specify):*
c. ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4. a. Each defendant named above is a natural person
☐ except defendant *(name):*
(1) ☐ a business organization, form unknown
(2) ☐ a corporation
(3) ☐ an unincorporated entity *(describe):*
(4) ☐ a public entity *(describe):*
(5) ☐ other *(specify):*
☐ except defendant *(name):*
(1) ☐ a business organization, form unknown
(2) ☐ a corporation
(3) ☐ an unincorporated entity *(describe):*
(4) ☐ a public entity *(describe):*
(5) ☐ other *(specify):*

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.  Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]
**COMPLAINT—Contract**
Code of Civil Procedure, § 425.12

**ING** 

One Riverfront Plaza
Westbrook, Maine 04092-9700
1-888-305-0502 • Fax 1-888-305-0605

May 23, 2014

Rosie James
Redacted

RE:                    ReliaStar Life Insurance Company
                       Long Term Disability (LTD)
Policyholder:          Washington Township Health Care District
Plan Number:           28096-8
Claim Number:          341419

Dear Ms. James:

We are writing in regard to your long-term disability claim. The policy under which you are covered defines total disability as follows:

> **Total Disability, Totally Disabled** – as a result of Your Sickness or Injury:
> - During the Elimination Period and the following 24 months, You are unable to perform with reasonable continuity the Substantial and Material Acts necessary to pursue Your Usual Occupation and You are not working in Your Usual Occupation.
> - After 24 months of benefits, You are unable to engage with reasonable continuity in any occupation in which You could reasonably be expected to perform satisfactorily in light of Your age, education, training, experience, station in life, and physical and mental capacity.

Information in your file documents that you ceased working as of October 8, 2012, due to anxiety and depression which were noted to increase your chronic pain complaints. Medical records from your treating physician, Dr. Jagdish Patel, were reviewed and document that you felt that at the time you ceased working, you were being harassed and mistreated at work and that security was called to remove you from work.

A Mental Capacity Form was completed by Dr. Patel on February 8, 2014. Dr. Patel provided a diagnosis of Adjustment Disorder with anxiety and noted that your work environment was hostile and that it was hard for you to function in that environment. The only medications noted were Nitro and Soma. Dr. Patel also completed an Attending Physician's Statement, dated February 24, 2014, wherein he noted that you were capable of full-time light work activity, but that you were unable to engage in stressful situations or engage in interpersonal relations.

The available medical documentation was reviewed by a Medical Consultant. It was concluded that there did not appear to be a change in your anxiety symptoms and that there were no medications noted to treat your reported depression and anxiety. The Medical Consultant sent correspondence, dated March 27, 2014, to Dr. Patel for clarification of the current status of your reported impairment. Dr. Patel responded on April 2, 2014, and confirmed that he was in agreement that you could perform your occupational duties in an alternative work setting. He also noted that you were refusing medications and did not have the funds for counseling.

In addition to the above, you also reported ongoing chronic neck, bilateral hand pain and headaches for which you have been treating with Dr. Parvez Fatteh. Medical records from Dr. Fatteh were also reviewed by a Medical Consultant and document a long history of chronic pain, which was exacerbated by your reported work stress, but with which you were able to work with for quite some time prior to your

*I see Dr. Fatteh every four to six wks — next visit is June 6, 2014 @ 5:30*

reported disability. We confirmed with Dr. Fatteh's office that you last treated on August 22, 2013, and ~~error~~ have not been seen since that time. The Medical Consultant opined that while you report ongoing neck and mid back pain, the present medical documentation does not support impairment from your pre-disability activities. You have remained on the same medications without changes and there are no indications that you are restricted from sustained pre-disability activities based on review of the physical examination during the office visit of August 22, 2013. The lack of treatment is inconsistent with a totally impairing condition that would preclude you from sustained work activity, and is also inconsistent of your reports during our telephone conversation, dated March 21, 2014, where you noted that you see Dr. Fatteh approximately once per month.

Based on review of the available medical documentation, as well as Dr. Patel's response to the Medical Consultant, dated April 2, 2014, it appears that you would be capable of performing the duties of your own occupation for a different employer. The policy under which you are covered covers total impairment from performing the duties of your own occupation as it is performed in the national economy and not for a specific employer. Therefore, you no longer meet the definition of disability, as outlined above, and your claim has been closed. Benefits have been paid up to June 1, 2014 and no further benefits are payable beyond this date.

If you have questions regarding this determination, please contact me at (888) 305-0602. If you disagree with our decision, you may request a re-evaluation of that decision. We suggest you submit your request for re-evaluation within 90 days from the date of this letter.

Please send your request for re-evaluation of your claim to:

ING EMPLOYEE BENEFITS
Attn: APPEALS DEPARTMENT
ONE RIVERFRONT PLAZA
WESTBROOK, ME 04092-9700

Our determination was based on the facts above and the provision of the policy. As you have read, this letter explains clearly, using specific facts, the precise reasons for the decision on your claim. If you disagree with that decision and decide to request a review of the decision, please provide information and/or documents which responds to each of these reasons for the decision. Your request for review should explain why you believe each of these reasons is without merit and why this claim decision should be overturned. We want to make certain you understand what items you will need to address if you choose to request a review of your claim decision, so if you have questions about any of the reasons for this decision, please feel free to call me.

We are aware that your claim for Social Security Disability benefits is currently pending. Please note that if Social Security awards you benefits for a period of time during which we paid you unreduced disability benefits, it is your responsibility to provide us with a complete copy of the award notification and to repay any overpayment that is incurred as a result of your receipt of benefits.

By accepting this offer to provide an additional review of your claim, you agree we will reconsider all of the information previously submitted and re-evaluate the claim in its totality, including all applicable policy provisions and previous conclusions reached. In addition we will consider any new information you may submit for review in this re-evaluation process. An analyst who was not previously involved in your claim will be conducting this additional review.

You also have the right to request a review by the California Department of Insurance, Claim Service Bureau, 11th Floor, 300 South Spring Street, Los Angeles, CA 90013. Telephone requests should be directed to the Consumer Communication Bureau at 1-800/927-4357 or out of state 1-213/897-8921.

*Division Parros CDI*
*Compliance Letter*
*Insurance - 21 days Request - 30 day - 60 days*

ReliaStar Life Insurance Company is a member of the ING family of companies.

# Superior Court of the State of California
## In and For The County of Placer

CASE No. **SCV0035188**

## A CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED:

| | |
|---|---|
| DATE: | **JANUARY 13, 2015** |
| TIME: | **10:00 A.M. If your case number starts with "S-CV"** |
| | **11:00 A.M. If your case number starts with "M-CV"** |
| DEPT: | **40 - 10820 Justice Center Drive, Roseville, California** |

## IF YOU DO NOT HAVE AN ATTORNEY, READ THIS:

The judge does **not** decide whether you win or lose your case at this court date. If you do not file an "Answer," or other "responsive pleading," you will automatically lose this case, usually before this court date. The Answer or responsive pleading must be given to the court clerk within 30 days of the day you received the Summons, along with a filing fee or application for waiver of court fees.

You can get free help filling out your Answer or responsive pleading at the court's Legal Help Center. For more information or to schedule an appointment, go to the court's website at www.placer.courts.ca.gov and select "Legal Help Center."

## INFORMATION ABOUT CASE MANAGEMENT CONFERENCES:

15 calendar days before the Case Management Conference, you must file and serve a completed Case Management Statement (CM-110).

You do not need to come to court for the first Case Management Conference. You can see the court's proposed orders 12 calendar days before the Case Management Conference on the court's website, www.placer.courts.ca.gov. Select "Tentative Rulings and Calendar Notes," then "Civil Case Management Conference." If you do not have Internet access, call the court at 916-408-6000 to get the information.

**The court does not provide a court reporter** at Case Management Conferences or Law & Motion hearings. If you want the proceedings reported, you must provide your own court reporter at your own expense.

IF YOU WANT TO APPEAR BY TELEPHONE, you must schedule your telephonic appearance through the court's website, www.placer.courts.ca.gov. Select "Telephonic Appearance System." For more information on the telephonic appearance system, please visit our "How to" guide on the website. YOU MUST PAY ONLINE TO USE THIS SERVICE UNLESS YOU HAVE BEEN GRANTED A FEE WAIVER BY THE COURT.

ENDORSED
FILED
ALAMEDA COUNTY

OCT 14 2014

CLERK OF THE SUPERIOR COURT
By Lynetta M. Irvin, Deputy

COPY

1 MESERVE, MUMPER & HUGHES LLP
Linda M. Lawson (Bar No. 77130)
2 llawson@mmhllp.com
Jason A. James (Bar No. 265129)
3 jjames@mmhllp.com
800 Wilshire Boulevard, Suite 500
4 Los Angeles, California 90017-2611
Telephone:  (213) 620-0300
5 Facsimile:  (213) 625-1930

6 Attorneys for Defendant
ReliaStar Life Insurance Company
7

8 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 **COUNTY OF ALAMEDA**

10

11 Rosie L. Sanders-James,           )   Case No. HG14738118
                                    )
12          Plaintiff,              )   **DEFENDANT RELIASTAR LIFE**
                                    )   **INSURANCE COMPANY'S ANSWER**
13     vs.                          )   **TO PLAINTIFF'S UNVERIFIED**
                                    )   **FORM COMPLAINT**
14 ReliaStar Life Insurance Company and Does )
   1 through 19,                    )   Complaint Filed:  August 25, 2014
15                                  )
          Defendants.              )
16 _____)

17     COMES NOW defendant ReliaStar Life Insurance Company ("ReliaStar"), for itself and

18 for no other party, and in response to the unverified form Complaint filed by plaintiff Rosie

19 Sanders-James ("Plaintiff"), admits, denies, and/or alleges as follows:

20                     **GENERAL DENIAL**

21     1.     Pursuant to California Code of Civil Procedure ("CCP") § 431.30(d), ReliaStar

22 denies, generally and specifically, each and every allegation set forth in Plaintiff's unverified form

23 Complaint, and each allegation of every cause of action set forth therein, and the whole thereof, and

24 denies that Plaintiff sustained or will sustain damages in the sum or sums alleged in her Complaint,

25 or in any sums, or at all.

26           **RESPONSE TO PLAINTIFF'S DECLARATION**

27     1.     In response to paragraph 1 of Plaintiff's Declaration, which is referenced in her

28 unverified form Complaint, ReliaStar admits that Plaintiff stopped receiving long term disability

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

139944.1

1

DEFENDANT RELIASTAR LIFE INSURANCE COMPANY'S ANSWER TO
PLAINTIFF'S UNVERIFIED FORM COMPLAINT

1    benefits on or about June 2, 2014.  ReliaStar also admits that Plaintiff's gross monthly benefit

2    amount was $2,883.19, and is subject to all applicable offset provisions contained in the relevant

3    group disability insurance policy.  ReliaStar further admits that it received Attending Physician

4    Statements during the administration of Plaintiff's claim, and that those statements speak for

5    themselves and are the best evidence of their contents.  ReliaStar denies any allegations that are

6    inconsistent with the contents of the Attending Physician's Statements.  Except as expressly

7    admitted, ReliaStar denies, generally and specifically, each, every, and all of the remaining

8    allegations contained in paragraph 1 of Plaintiff's Declaration.

9          2.      In response to paragraph 2 of Plaintiff's Declaration, ReliaStar admits that the group

10   disability insurance policy under which Plaintiff claims to be entitled to additional disability

11   benefits speaks for itself and is the best evidence of its terms.  ReliaStar denies any allegations that

12   are inconsistent with the terms of the group disability insurance policy.  ReliaStar also admits that

13   Plaintiff requested a re-consideration of ReliaStar's claim decision by letter dated June 20, 2014.

14   Except as expressly admitted, ReliaStar denies, generally and specifically, each, every, and all of

15   the remaining allegations contained in paragraph 2 of Plaintiff's Declaration.

16         3.      In response to paragraph 3 of Plaintiff's Declaration, ReliaStar admits that the claim

17   file documenting Plaintiff's claim speaks for itself and is the best evidence of the administration of

18   Plaintiff's claim, and the information ReliaStar received during the administration of Plaintiff's

19   claim.  ReliaStar denies any allegations that are inconsistent with the information set forth in the

20   claim file.  Any remaining or inconsistent allegations contained in paragraph 3 of Plaintiff's

21   Declaration are denied.

22         4.      In response to paragraph 4 of Plaintiff's Declaration, ReliaStar admits that Plaintiff

23   requested a review of ReliaStar's claim decision.  ReliaStar also admits that its August 6, 2014

24   letter speaks for itself and is the best evidence of its contents.  ReliaStar denies any allegations that

25   are inconsistent with the contents of its August 6, 2014 letter.  Except as expressly admitted,

26   ReliaStar denies, generally and specifically, each, every, and all of the remaining allegations

27   contained in paragraph 4 of Plaintiff's Declaration.

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

139944.1

2

DEFENDANT RELIASTAR LIFE INSURANCE COMPANY'S ANSWER TO
PLAINTIFF'S UNVERIFIED FORM COMPLAINT

**AFFIRMATIVE AND OTHER DEFENSES**

As separate and distinct defenses to Plaintiff's Complaint, ReliaStar alleges and avers as follows:

**FIRST DEFENSE**

1. ReliaStar alleges that the Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against ReliaStar.

**SECOND DEFENSE**

2. ReliaStar alleges that Plaintiff's cause of action for breach of contract is barred, in whole or in part, in that ReliaStar substantially and/or fully performed all of its duties and obligations, if any, arising out of any contract(s) with Plaintiff.

**THIRD DEFENSE**

3. ReliaStar is informed and believes, and on that basis alleges, that Plaintiff has waived any and all claims that she may have or have had to the relief, if any, referred to in the Complaint.

**FOURTH DEFENSE**

4. ReliaStar is informed and believes, and on that basis alleges, that Plaintiff is estopped from alleging that ReliaStar caused or contributed to the damages, if any, referred to in the Complaint.

**FIFTH DEFENSE**

5. ReliaStar alleges that Plaintiff failed to meet the terms and conditions necessary for coverage to exist under the applicable insurance policy.

**SIXTH DEFENSE**

6. ReliaStar alleges that Plaintiff failed to comply with one or more conditions precedent to obtaining coverage under the applicable insurance policy and/or benefits pursuant to the applicable insurance policy.

**SEVENTH DEFENSE**

7. ReliaStar alleges that even if it is determined that Plaintiff is presently disabled under the terms of the applicable group disability insurance policy, which contention ReliaStar

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

139944.1

DEFENDANT RELIASTAR LIFE INSURANCE COMPANY'S ANSWER TO
PLAINTIFF'S UNVERIFIED FORM COMPLAINT

1  expressly denies, such determination does not mean that Plaintiff would be entitled to unlimited

2  future benefits under the policy given, *inter alia*, the possibility of Plaintiff's recovery, as well as

3  the effect of different requirements, exclusions, and/or limitations under the policy.

4  <center>**EIGHTH DEFENSE**</center>

5       8.    ReliaStar alleges that its purported obligations, if any, were fully performed.

6  <center>**NINTH DEFENSE**</center>

7       9.    ReliaStar alleges that if ReliaStar failed to perform any obligations owing to

8  Plaintiff, which ReliaStar categorically denies, such performance was prevented or made

9  impossible as a result of the acts or omissions of Plaintiff and/or others.

10  <center>**TENTH DEFENSE**</center>

11       10.    ReliaStar alleges that the Complaint, and each purported cause of action alleged

12  therein, fails to state facts that would entitle Plaintiff to recover general, compensatory, punitive,

13  and/or other damages against ReliaStar.

14  <center>**ELEVENTH DEFENSE**</center>

15       11.    ReliaStar alleges, without conceding that Plaintiff sustained any damages as alleged

16  in the Complaint, that if any such damages were sustained by Plaintiff, Plaintiff failed to and did

17  not exercise ordinary care, caution and/or prudence on her own behalf and that the alleged

18  damages, if any, either sustained by Plaintiff or referred to in the Complaint were directly and

19  proximately caused and contributed to by the acts and/or omissions of Plaintiff.  Accordingly,

20  recovery, if any, on the part of Plaintiff against ReliaStar must be reduced by a proportionate

21  percentage of the wrong attributable to Plaintiff.

22  <center>**TWELFTH DEFENSE**</center>

23       12.    ReliaStar alleges, without conceding that Plaintiff sustained any damages as alleged

24  in the Complaint, that if any such damages were sustained by Plaintiff, they were caused and/or

25  contributed to by the actions and/or negligence of Plaintiff and/or her agents or representatives

26  and/or by persons or entities other than ReliaStar, and the award of damages, if any, should be

27  reduced by the proportionate percentage of the wrong attributable to those persons or entities

28  and/or Plaintiff and/or her agents or representatives.

LAW OFFICES
**MESERVE,
MUMPER &
HUGHES LLP**

139944.1

4

DEFENDANT RELIASTAR LIFE INSURANCE COMPANY'S ANSWER TO
PLAINTIFF'S UNVERIFIED FORM COMPLAINT

**THIRTEENTH DEFENSE**

13.     ReliaStar alleges, without conceding that Plaintiff sustained any damages as alleged in the Complaint, that if any such damages were sustained by Plaintiff, those damages should be properly apportioned among all persons or entities who contributed to those damages in proportion to the fault of those persons or entities, pursuant to California Civil Code § 1431.2 and any relevant provisions of California common and statutory law.

**FOURTEENTH DEFENSE**

14.     ReliaStar alleges that Plaintiff's remedy for any alleged breach of contract is limited by California Civil Code §§ 3300 and 3302.

**FIFTEENTH DEFENSE**

15.     ReliaStar alleges that Plaintiff's damages claim, if any, is limited by the provisions of California Insurance Code § 10111.

**SIXTEENTH DEFENSE**

16.     ReliaStar alleges that the Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a *prima facie* claim for punitive or exemplary damages within the meaning of California Civil Code §§ 3294 and 3295, and the imposition of punitive or exemplary damages against it would violate California Civil Code § 3294.

**SEVENTEENTH DEFENSE**

17.     ReliaStar alleges that the bases by which punitive damages are imposed pursuant to California statutory and common law are fatally constitutionally infirm, and that giving effect to such laws is violative of the First, Fourth, Fifth, Sixth, Eighth (except the excessive fines clause), and Fourteenth Amendments to the United States Constitution, and corresponding provisions of the California Constitution.

**EIGHTEENTH DEFENSE**

18.     ReliaStar alleges that the California practice of allowing the wealth of an insurance company defendant to be the primary measure for the imposition of a punitive and exemplary damage award constitutes an impermissible punishment of ReliaStar's status in violation of its

LAW OFFICES MESERVE, MUMPER & HUGHES LLP
139944.1

rights to due process and equal protection of the laws under the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Section 7 of the California Constitution.

### NINETEENTH DEFENSE

19.     ReliaStar alleges that the Complaint is barred because ReliaStar did not breach any legal duty owed to Plaintiff.

### TWENTIETH DEFENSE

20.     ReliaStar alleges that the Complaint is barred because the alleged conduct of ReliaStar is excused.

### TWENTY-FIRST DEFENSE

21.     ReliaStar alleges that any and all of the actions taken by any officer, employee, and/or agent of ReliaStar were good faith assertions of the rights of ReliaStar and were therefore privileged or justified.

### TWENTY-SECOND DEFENSE

22.     ReliaStar alleges that if Plaintiff has sustained any damages as alleged in the Complaint, which ReliaStar denies, she failed to mitigate said damages.

### TWENTY-THIRD DEFENSE

23.     ReliaStar alleges that any and all actions taken by ReliaStar were fair, reasonable, and in good faith, and therefore subject to a bona fide dispute, and a genuine issue of liability exists.

### TWENTY-FOURTH DEFENSE

24.     ReliaStar presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, yet unstated defenses. ReliaStar reserves the right to assert additional defenses in the event discovery or further investigation indicates that asserting additional defenses would be warranted.

### PRAYER

WHEREFORE, ReliaStar prays for a judgment in its favor and against Plaintiff as follows:

1.     An order dismissing the Complaint, with prejudice, with respect to all causes of action;

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

139944.1

6

DEFENDANT RELIASTAR LIFE INSURANCE COMPANY'S ANSWER TO
PLAINTIFF'S UNVERIFIED FORM COMPLAINT

1      2.      An order declaring that Plaintiff take nothing on her Complaint;

2      3.      An order declaring that no benefits or damages are payable to Plaintiff under the

3  policy;

4      4.      For judgment against Plaintiff and in favor of ReliaStar;

5      5.      That ReliaStar be awarded reasonable attorneys' fees;

6      6.      That ReliaStar be awarded its costs of suit; and

7      7.      For such other and further relief as the Court may deem just and proper.

8

9  Dated:  October 14, 2014                MESERVE, MUMPER & HUGHES LLP
                                          Linda M. Lawson
10                                         Jason A. James

11

12                                         By: _____
                                                Jason A. James
13                                              Attorneys for Defendant
                                                ReliaStar Life Insurance Company
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
**MESERVE,
MUMPER &
HUGHES LLP**
0.0

7

DEFENDANT RELIASTAR LIFE INSURANCE COMPANY'S ANSWER TO
PLAINTIFF'S UNVERIFIED FORM COMPLAINT

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 800 Wilshire Boulevard, Suite 500, Los Angeles, California 90017-2611.

On October 14, 2014, I served the within document(s) described as:

**DEFENDANT RELIASTAR LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S UNVERIFIED FORM COMPLAINT**

on the interested parties in this action as stated below:

Rosie L. Sanders-James
29413 Sandburg Way
Hayward, CA 94544

[X]   (BY MAIL) by placing a true copy thereof in sealed envelope(s) addressed above. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 14, 2014, at Los Angeles, California.

TINA M. ABRANTE
(Type or print name)

(Signature)